## No. 3389.

### MICHAEL DUNCAN v. MARY DUNCAN.

The plaintiff in this case claims title to a certain piece of property, and alleges that the defendant is about to take forcible possession of said property, wherefore he prays that she be injoined from doing so. The defendant admits that the property described in the petition was conveyed to plaintiff by a notarial act, but specially avers that, although the said act ostensibly shows title in plaintiff to the whole of said property, yet that she is in truth the owner of one-half of it, forming a distinct tenement, and pleads her right to the possession of it.

The defendant introduced in evidence the written act of transfer from plaintiff to herself, in which plaintiff declares : " Said house stands in my name, but I have no interest in the same. It belongs to my sister, Mary Duncan." The execution of this act was proved before a notary public and duly registered.

This written act was clearly admissible, and certain letters and parol evidence were also properly admitted to show that the plaintiff, for a length of time, during the absence of defendant in Europe, recognized her right to the property she claims, by acting as her agent and collecting and remitting to her moneys collected from time to time for the rent of that property; and also to define the property and describe its locality.

The written instrument in the nature of a counter letter, not denied by the plaintiff, nor in any manner impugned by him, is an effectual bar against the plaintiff's pretensions to ownership of the property.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. Randolph, Singleton & Browne*, for plaintiff and appellant. *M. A. Dooley*, for defendant and appellee.

TALIAFERRO, J. The plaintiff proceeded by injunction to restrain and prohibit the defendant from disturbing and annoying one of his

tenants by suing him for the rent of certain property, which the plaintiff asserts title to, and the rent of which he is entitled to. He alleges the defendant is about to take forcible possession of the property in question and he prays that she be injoined from so doing.

The defendant puts in a general denial. She admits that the property described in the petition was conveyed to plaintiff by notarial act before William Christy, as set forth in the petition, but she specially avers that although the said act ostensibly shows title in the plaintiff to the whole of the said property, yet that she is in truth the owner of the one-half of it, to wit: The half occupied by one John Blois, the alleged tenant of the plaintiff, and comprised within the lines seventeen feet one inch and two lines front on Prytania street, and one hundred and ten feet ten inches in depth, together with all the buildings and improvements thereon; and she pleads her right to and ownership of the said property and her right to the possession of it. She introduced in evidence, in support of her right to the property she claims, the following act:

"Know all men by these presents that I, Michael Duncan, of the city of New Orleans, hereby transfer to my sister, Mary Duncan, also living in the city of New Orleans, a certain frame house and lot with all its appurtenances, situated on Camp or Prytania street, and known as the third house from Calliope street. Said house stands in my name but I have no interest in the same; it belongs to my said sister, Mary Duncan.

"M. DUNCAN."

"Witness: Edward Duncan."

The execution of this act was proved before a notary on June 18, 1870, and duly registered. The defendant prays a dissolution of the injunction and for one thousand dollars damages. The court below rendered judgment in favor of defendant, dissolving the injunction with five hundred dollars damages. The plaintiff has appealed.

Several bills of exceptions were taken on the part of the plaintiff. One to the written act signed by the plaintiff, before referred to, recognizing the right of the defendant to the property claimed by her, and to the introduction of parol evidence, going to show sayings and doings of the plaintiff, to establish title in the defendant. To the introduction by defendant of various letters of the plaintiff recognizing the defendant's title to the property, a bill of exceptions was reserved. The written act was clearly admissible, and the letters and parol evidence were properly admitted to show that the plaintiff, for a length of time during the absence of the defendant in Europe, recognized her right to the property she claims, by acting as her agent and collecting and remitting to her moneys collected from time to time for the rent

of that property, and also to define the property and describe its locality.

The defense is, we think, fully made out. The written instrument, in the nature of a counter letter, not denied by the plaintiff nor in any manner impugned by him, is an effectual bar against the plaintiff's pretensions to ownership of the property. We find no sufficient ground for increasing the damages as prayed for on part of the defendant.

It is therefore ordered that the judgment of the district court be affirmed with costs.

Mr. Justice MORGAN took no part in this decision.