LOTTINGER, Judge.
Petitioners claim to have inherited from their father, an undivided one-half interest in certain property comprising about fifty acres, and filed this suit seeking to be adjudged owners of an undivided one-half interest therein. The Lower Court rendered judgment for defendant and dismissed petitioners’ action. An appeal was taken, to the Supreme Court, 225 La. 367, 72 So.2d 880, but it declined jurisdiction as the amount in dispute was less than the $2,000, and the matter was transferred to this Court.
The facts show that, by acts of sale dated September 11, 1935, Mrs. Mittie Ayer conveyed to Mrs. Zula Penny Morgan, wife of Frank Morgan, a tract of land containing fifty acres. The consideration of the act of sale was the assumption by the purchaser of a promissory note in the sum of $125, and the stipulation in the act of sale that the purchaser promised vendor a permanent home for the balance of her natural life. Though both the vendor and the purchaser were married at the timé, neither of their husbands appeared- in the act of sale. The act of sale did stipulate, however, that the purchaser, Mrs. Morgan, was purchasing the property with her separate and para-phernal funds.
On December 10, 1935, three months later, Mrs. Zula Morgan conveyed the same property back to Mrs. Mittie Penny Ayer, the consideration for this transfer being the assumption by Mrs. Ayer of the same promissory note which' was part of the consideration of the original sale.
Mrs. Mittie Penny Ayer died, and by testament bequeathed the property to Mrs. Nettie Hathaway, her niece and the defendant in the present suit. By judgment of possession of October 30, 1939, the defendant was sent into possession as owner of the said property..
This suit was instituted by the children of Frank E. Morgan seeking to be decreed owners in indivisión of an undivided one-half interest in the said property. Their claim is predicated on the fact that their father was married to and living with Mrs. Zula Penny Morgan at the time Mrs. Morgan purchased the property from Mrs. Ayer, and that, by virtue of the settled law of this state, upon acquisition of the property by Mrs. Morgan the said property immediately became the property of the community of acquets and gains existing between their father and Mrs. Morgan. This presumption is. a strong one and must be overcome with sufficient evidence.
The defendant, however, contends that the property was purchased with the separate funds, of Mrs.'.Morgan, and that the *171 property was administered solely by Mrs. Morgan. She claims that the property became the separate property of Mrs. Morgan with a right of Mrs. Morgan to dispose of same without the assent of her husband.
Although there are several claims whereby each of the parties assert their rights in this matter, we believe that the important point for consideration is the fact that the defendant introduced into evidence an affidavit executed by all the petitioners wherein the petitioners acknowledged that the property purchased by Mrs. Morgan on September 11, 1935, was the separate and paraphernal property of Mrs. Morgan, and further acknowledging her right to transfer the property, as per the act of sale of December 10, 1935, without the necessity of intervention of her husband, the petitioners’ father. The petitioners further acknowledged in the said affidavit that they never did have and do not claim any interest whatsoever in said property as their mother had acquired the same with her separate and paraphernal funds and having disposed of same in a direct and legal manner.
The record in this matter discloses that the verification of the petition was signed by petitioners’ attorney, upon his information and belief. No witnesses, nor evidence, was introduced by petitioners to refute the affidavit which was filed by defendant. The affidavit was made by the petitioners on November 25, 1939 and duly filed for record in Conveyance Book No. 423, folio 309 of the Conveyance Records of the Parish of East Baton Rouge, the parish where the property is situated.
The petitioners claim that the affidavit should not be considered in this matter because of the holding of the Orleans Court of Appeal in Succession of Valdez, 44 So.2d 151. However, in that case the allegations of the document were successfully overcome by the party who signed same when he explained to the Court that he signed the document through ignorance of the facts.
The petitioners in the present case have not asserted that they executed the affidavit through error or ignorance. Not one iota of evidence has been introduced to contradict the affidavit, except, of course, the argument of their learned counsel.
In Duncan v. Duncan, 26 La.Ann. 532, which is similar to the present suit, the Court said:
“The defense is, we think, fully made out. The written instrument, in the nature of a counter letter, not denied by the plaintiff nor in any manner impugned by him, is an effectual bar against the plaintiff’s pretensions to ownership of the property.”
The Lower Court, in its reasons for judgment, stated:
“The plaintiffs did not appear as witnesses in this case, nor did they verify the petition by which the suit was instituted. Counsel for defendant offered an affidavit identified as D-ll of record in Book 423, folio 309 of the conveyance records of this parish wherein all of the plaintiffs herein, who are the only people who could claim any interest in said property by inheritance from Frank E. Morgan, appeared before Clyde W. Thurmon, a notary public and solemnly declared that their father, Frank E. Morgan, died on December 22, 1937, that he was married but once and then to Mrs. Zula P. Morgan, that they are the sole issue of such marriage; that their mother purchased the property which is basis of this suit from Mrs. Ayer ‘with her separate and para-phernal funds under her separate control and administration, * * *' that their mother sold the property to Mrs. Ayers and that—
“ ‘They further declare and acknowledge that they never did have and do not claim any interest whatsoever in said property, she having acquired the same with her separate and paraphernal funds and having disposed of same in a direct and legal manner.’ ”
Although the presumption in favor of the community raised by Article 2402 of *172 the LSA-Civil Code Í9 a strong one, we feel that the affidavit, standing uncontrar dieted, was sufficient to overcome that presumption. The petitioners, therefore, have failed to prove their case, and the judgment of the Lower Court will be affirmed.
For the reasons assigned, the judgment of the Lower Court is affirmed, all costs to be paid by petitioners.
Judgment affirmed.
CAVANAUGH, J„ concurs.
ELLIS, J., concurs for reasons stated by CAVANAUGH, J.